## Commonwealth v. Hollinger.

*Indictment—Recognizance—Time of return—Demurrer.*

An indictment will not be quashed because the recognizance was entered into prior to April Term and it was not returned until September Sessions, the recognizance being for defendant's appearance on the second Monday in September; nor can a demurrer be based on such a reason.

Com. v. Haefner, 29 Lanc. Law Rev. 69, distinguished.

Indictment for violation of liquor law. Demurrer and motion to quash. Q. S. Lancaster Co., Sept. Sess., 1926, No. 86.

*Harvey B. Lutz* and *John M. Groff*, for demurrer and motion.

*Joseph B. Wissler*, District Attorney, contra.

LANDIS, P. J., Dec. 24, 1926.—The indictment in this case charges the defendant, first, with having possessed intoxicating liquor; and, second, with selling and offering for sale intoxicating liquor. The defendant has filed a demurrer and a motion to quash. The ground upon which the motions rest is that the recognizance was entered into prior to April Term, 1926, of the Court of Quarter Sessions and was not returned until September Sessions, 1926. A demurrer cannot be based on such a reason; and if there is any merit in the objection made, it must rest on the motion to quash.

The complaint was made on April 15, 1926, and a hearing was had on April 16, 1926. Defendant was held "for next term of Quarter Sessions Court in the sum of $1000." On the same day, the defendant entered into his recognizance to appear on the second Monday in September, 1926. The justice made his return to the Court of Quarter Sessions on June 16, 1926, and the indictment was found to September Sessions, 1926.

In Com. v. Haefner, 29 Lanc. Law Rev. 69, it was decided that "an indictment will be quashed which was found by a grand jury summoned for a later term than that named in the defendant's recognizance, where the record shows no notice to or consent by the defendant;" and to the same effect are Com. v. Wilhelm, 23 Lanc. Law Rev. 402; Com. v. Rice, 15 Dist. R. 604; Com. v. Kohle, 2 Kulp, 329, and Com. v. Brown, 12 Dist. R. 316. The point, however, involved and decided in those cases is not the one now before us. Here, the recognizance was not given for the appearance of the defendant at one term and the bill of indictment found at a subsequent term. The recognizance was given to September Term, 1926, and the bill was found to that term. The reason given for the above rule is that the defendant is entitled to notice that his case will be presented to the subsequent grand jury, and that, if no such notice is given him, his rights may be prejudiced. Here, the defendant had notice that his case would be heard at September Term, 1926, for he gave a recognizance to appear and answer at that term.

There, accordingly, seems to us to be no ground for the motion to quash, and it is now overruled. Demurrer and motion to quash overruled.

From George Ross Eshleman, Lancaster, Pa.